IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Applicant, | ) ) |
| v. | ) CIVIL ACTION NO. ) |
| NIKE, INC., | ) ) |
| Respondent. | ) ) ) |

**APPLICATION FOR AN ORDER TO SHOW CAUSE WHY
ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

Petitioner U.S. Equal Employment Opportunity Commission (EEOC) applies to this Court for an Order to Show Cause Why an Administrative Subpoena Should Not Be Enforced and states as follows:

1. This is an action for enforcement of an EEOC administrative subpoena, Subpoena No. SL-25-08, brought pursuant to Sections 709 and 710 of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-8 and 2000e-9.

2. Jurisdiction over this action is conferred upon this Court by Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), and Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended, which is incorporated by Section 710 of Title VII, 42 U.S.C. § 2000e-9.

3. Venue is proper in this Court pursuant to Section 11 of the National Labor Relations Act, 29 U.S.C. § 161(2), as amended, which is incorporated by Section 710 of Title VII, 42 U.S.C. § 2000e-9, because the EEOC's investigation is being conducted by its St. Louis

District Office, which is located in the jurisdiction of this Court and whose Director issued Subpoena No. SL-25-08.

4. The EEOC is the federal government agency charged with the administration, interpretation, and enforcement of Title VII, including the investigation of charges alleging unlawful employment practices. *See* 42 U.S.C. § 2000e-5.

5. The Respondent, NIKE, Inc., is an employer doing business nationwide, including a facility in St. Charles County in the State of Missouri.

6. The attached Declaration of David Davis, Director of the EEOC's St. Louis District Office, provides the factual basis for this Application. *See* Exhibit 1 (Declaration of District Director). The Director's Declaration and all supporting attachments are incorporated by reference in this Application.

7. The EEOC is presently conducting an investigation concerning potential unlawful employment practices by Respondent NIKE in violation of Title VII. Exhibit 1, ¶ 3.

8. Specifically, on May 24, 2024, EEOC Commissioner (now Chair) Andrea R. Lucas issued Charge No. 551-2024-04996, alleging that Respondent NIKE may have violated Title VII "by engaging in a pattern or practice of disparate treatment against White employees, applicants, and training program participants in hiring, promotion, demotion, or separation decisions (including selection for layoffs); internship programs; and mentoring, leadership development, and other career development programs." Exhibit 1, ¶ 5 and Attachment A (Charge of Discrimination) at p. 1.

9. The Charge further alleged that NIKE "[e]stablish[ed] race-based workforce representation quotas, including by setting and publishing two 2025 Targets ('30% representation of racial and ethnic minorities at Director level and above in the U.S.' and '35%

representation of U.S. racial and ethnic minorities in our U.S. corporate workforce'); stating these '2025 Targets are not just aspirations' but rather 'commitments' and 'a call to action – with clear goals, strategies, and accountabilities;' providing 'all' of NIKE's hundreds of 'Vice Presidents access to representation data, with sharp accountability to deliver on their Diversity & Inclusion (D&I) plans,' including the 2025 Targets; and tying 'executive compensation to NIKE's progress' towards the 2025 Targets." Exhibit 1, Attachment A at p. 1.

10. The Charge allegations were "based on publicly available information regarding NIKE, including, but not limited to, NIKE's annual 'Impact Reports,' proxy statements and other securities filings, EEO-1 data (disclosed publicly by NIKE), and other documents and information published on NIKE's public website; public statements by NIKE and its leadership; and news reporting." Exhibit 1, Attachment A at p. 2.

11. Between December 2024 and June 2025, the EEOC issued to Respondent NIKE three requests for information relevant to the agency's investigation. Exhibit 1, ¶ 6 and Attachment B (Requests for Information).

12. Director Davis determined that Respondent NIKE failed to fully provide the information sought in the requests for information and that additional information was needed to further the investigation. Exhibit 1, ¶ 7.

13. On September 30, 2025, pursuant to its statutory investigative authority under Section 710 of Title VII, 42 U.S.C. § 2000e-9, and Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, the EEOC issued to Respondent NIKE Subpoena No. SL-25-08, which was duly served on Respondent. Exhibit 1, ¶ 7 and Attachment C (Subpoena).

14. Subpoena No. SL-25-08 required Respondent NIKE to produce information relevant to the EEOC's investigation of potential unlawful employment practices, namely

engaging in discrimination against White employees, applicants, and training program participants based on race, made unlawful by Title VII. Exhibit 1, Attachment C.

15. On October 7, 2025, Respondent NIKE submitted to the EEOC a Petition to Revoke or Modify Subpoena pursuant to 29 C.F.R. § 1601.16(b)(1). It sought to have the subpoena revoked in its entirety. Exhibit 1, ¶ 8 and Attachment D (NIKE Petition).

16. On January 5, 2026, after consideration by the Commission, the EEOC served Respondent NIKE with a detailed Determination addressing Respondent's objections to the subpoena, partially modifying the subpoena, but otherwise denying the Petition to Revoke or Modify and directing compliance within 21 days. Exhibit 1, ¶ 9 and Attachment E (Determination).

17. On January 26, 2026, Respondent NIKE submitted a response to the subpoena in which it provided some but not all the information and documents required by the modified subpoena. Exhibit 1, ¶ 10 and Attachment F (NIKE Response).

18. As of the date of the filing of this Application, Respondent NIKE has failed to fully comply with the EEOC's Subpoena No. SL-25-08, as modified. Exhibit 1, ¶ 11.

19. Respondent NIKE's failure to comply with the subpoena has delayed and hampered the EEOC's investigation of alleged unlawful employment practices under Title VII.

WHEREFORE, for the foregoing reasons and for the reasons further set forth in the attached Memorandum in Support, the Equal Employment Opportunity Commission requests:

a) That the Court issue an Order to Show Cause, proposed at Exhibit 2, directing Respondent NIKE, Inc., to show cause why an Order should not be issued requiring it to fully comply with EEOC Subpoena No. SL-25-08, as modified by the Commission's Determination;

  b)  That upon return of the Order to Show Cause, the Court issue an Order enforcing the subpoena, as modified by the Commission's Determination, in full and directing Respondent NIKE, Inc., to produce all information sought in the subpoena; and

  c)  That the Equal Employment Opportunity Commission be granted its costs incurred by instituting this action and such further relief the Court finds necessary and appropriate.

           Respectfully submitted,

           CATHERINE L. ESCHBACH
           Acting General Counsel

           CHRISTOPHER LAGE
           Deputy General Counsel

           GWENDOLYN YOUNG REAMS
           Associate General Counsel
           EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
           131 M Street, N.E.
           Washington, DC 20507

           <u>/s/ Andrea G. Baran</u>
           ANDREA G. BARAN, MO Bar #46520
           Regional Attorney
           EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
           St. Louis District Office
           1222 Spruce St., Rm. 8.100
           St. Louis, MO 63103
           Phone: (314) 798-1914
           andrea.baran@eeoc.gov

           ATTORNEYS FOR APPLICANT EQUAL
           EMPLOYMENT OPPORTUNITY COMMISSION