**From:** ANNALIE GREER
**To:** "bkelley@littler.com"
**Subject:** 551-2024-04996, Request for Information
**Date:** Monday, December 16, 2024 3:05:00 PM

Brad Kelley,

Thank you for speaking with me this morning. As we had discussed, upon further review of the statement of position, the additional, clarifying information and documentation identified below is needed.

1. A document showing that Respondent's training, development opportunities, and mentoring opportunities are open to, and/or used by, all employees regardless of race.

2. A document showing that Respondent's Amplify program was discontinued with the date, or approximate date, it was discontinued.

Please provide the information and documentation requested by December 22, 2024. If you have any questions or need additional time, please give me a call.

Sincerely,
Annalie Greer
SEFO Enforcement Manager
Seattle Field Office, EEOC

909 1st Ave, Suite 400
Seattle, WA 98104
Ph: (206) 576-3032
Fax: (206) 220-6911
Email: annalie.greer@eeoc.gov

For the status of your charge, or to upload documents, please visit the Public Portal by going to https://publicportal.eeoc.gov/portal/ . ~ * ~ Para obtener el estatus de su queja / querella o subir documentos favor de visitar al Portal Publico de la EEOC por medio del sitio web https://publicportal.eeoc.gov/portal/.

Non-partisan resources Voting 101 Flyer and Voter's Guide to promote voting (per Executive Order 14019).

*The information contained within, and/or document(s) attached to, this e-mail message is for the confidential use of the intended recipients only. Recipients should not file copies of this e-mail with publicly accessible records. If you are not an intended recipient or an authorized agent responsible for delivering this e-mail to an intended recipient, you have received this e-mail in error, and any further review, dissemination, distribution, copying or forwarding of this e-mail is strictly prohibited. If you received this e-mail in error, please immediately notify me by return e-mail and delete this message. Thank you*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

Phillip Burton Federal Building
450 Golden Gate Avenue
5 West P. O. Box 36025
San Francisco, CA  94102
Direct Dial:  (510) 956-0005
FAX (415) 522-3415
Website:  www.eeoc.gov

February 18, 2025

VIA EEOC PORTAL & E-MAIL (bkelley@littler.com)

Bradford J. Kelley
Littler Mendelson, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC  20006

    Re:    Charging Party: Commissioner Lucas
               Respondent: NIKE, Inc.
               EEOC Charge No. 551-2024-04996

Dear Mr. Kelley:

Respondent is hereby requested to submit information and records relevant to the subject charge of discrimination. The Equal Employment Opportunity Commission (EEOC) is required by law to investigate charges filed with it. The enclosed request for information does not necessarily represent the entire body of evidence which we need to obtain from Respondent in order for a proper determination as to merits of the charge can be made.

As you may know, the Commission has authority to issue a subpoena to obtain evidence in instances where a party fails or refuses to cooperate with the investigation. Failure to provide <u>all</u> of the information by the requested deadline may compel the Commission to initiate subpoena proceedings.

You are reminded to preserve all documents, personnel records, and electronic records as they are relevant to this action until final disposition. Any and all information related to this Request for Information, including any and all documents and emails related in any way, are considered relevant and must be preserved under the EEOC's record-keeping regulations.  Please submit a response to the requested information by **March 20, 2025**.

                                                  Sincerely,

                                                  *Ahlam Abdellatif*

                                                  Ahlam Abdellatif
                                                  Investigator

The following dates are considered to be the "relevant period" for the attached Request for Information: **January 1, 2022 – Present.**

---

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### REQUEST FOR INFORMATION

---

1. For the period of January 1, 2022, to present, supply a U.S. organizational chart, statement, or documents which describe Nike's structure, indicating, if any, the relationship between it and superior and subordinate establishments within the organization. If the organization has changed during the relevant period, provide organizational charts for each year.

2. Identify the custodian of records for all employee-related documents maintained by Respondent. Include the following:
    a. Name;
    b. Job title; and,
    c. Physical address, work email address, and phone number.

3. Provide the following regarding all Programs in place since at least January 1, 2022, to present which were implemented in an effort to increase the representation of racial and ethnic minorities in Nike's U.S. workforce[1]:
    a. Program name;
    b. Date of program implementation;
    c. Name and job title of each individual responsible for the operation of the program;
    d. If the program has been discontinued, provide the date the program ended, reason the program ended; and the name and job title of each individual involved in the decision to end the program;
    e. Provide all documentation which describes the program, criteria for eligibility, purpose/goal of the program, and all Nike job titles covered by the program; and,
    f. If annual increases were achieved with respect to an increase in racial and ethnic minorities, identify the percentage increase for each year within the relevant period.

4. Provide job descriptions for all positions within the following broad Nike job categories. If these job descriptions have changed during the period of January 1, 2022, to present, provide all versions, and indicate the date the job description was changed:
    a. U.S. Director Level positions, and above;
    b. U.S. Vice President Level positions, and above; and,
    c. All U.S. Corporate positions.

---

[1] If any of the following programs are not included in Respondent's response, state the reason for the exclusion: McKinsey & Company's Management Program; McKinsey Academy for Sr. Directors, Vice Presidents and CNEXT platform for Emerging Leaders; Nike's DEI Mentorship Program for Corporate Employees, as well as Managers and above; Targeted Leadership Development for Native Americans and Indigenous Leaders; Diverse Slates Program; Marketing Vanguard Program (MVP); Human Resources Rotational Program modeled after the MVP; and, Nike's commitment to the OneTen Program.

Page **1** of **5**

5. For the period of January 1, 2022, to present, provide the following policies.  If policies have changed over time, provide the effective date of each policy:
    a. Complaint/grievance policies; and,
    b. Anti-Retaliation policies.

6. For the period of January 1, 2022, to present, provide the following, along with documents which explain how Executive Compensation was/is tied to Nike's progress associated with increasing diversity and inclusion within Nike's U.S. workforce:
    a. Identify which positions were/are covered by Executive Compensation; and,
    b. Provide documents describing the Executive Compensation process as it relates to Nike's progress associated with increasing diversity and inclusion.

7. Provide the following associated with Nike's 2024 Layoff of U.S. based employees:
    a. For each position subject to layoff, provide documents which identify the criteria Nike used to make layoff decisions; and,
    b. Identify by full name and job title the final layoff decisionmakers.

8. For the period of January 1, 2022, to present, provide the following for all internal and external discrimination complaints, charges and/or grievances, whether formal or informal, based on race and/or ethnicity associated with the Programs referenced in question #3, above, and/or the Layoff referenced in question #7, above:
    a. Full name, race/ethnicity and position of complainant;
    b. Name, race/ethnicity and position for each person receiving and investigating the complaint, and the date of the receipt of the complaint;
    c. Name, race/ethnicity, and position of each person whose conduct was the subject of the complaint;
    d. Date of the complaint;
    e. If associated with one the Programs identified in question #4, above, state the name of the Program and if associated with the Layoff, note "Layoff";
    e. A copy of the complaint, if in writing.  If not in writing, provide a detailed account of the complaint to include the full name and position of the alleged discriminating employee(s) and a detailed description of the allegations;
    f. The name, race/ethnicity and position of each witness to the allegations;
    g. A description of all actions taken in response to the complaint, the dates actions were taken and by whom, both with respect to the alleged discriminating employee(s) and the complainant; and,
    h. Submit all documents that state, describe, reference, or relate to each complaint including, but not limited to, a copy of the complaint, witness statements, investigative reports, and all documents, including emails, associated with the complaint and/or the resolution of the complaint.

9. The EEOC understands that demographic and pay data for people of color were provided to a portion of Respondent's executives.  Provide documentation regarding the following associated with this process:
    a. Identify what specific data was shared;
    b. Identify the positions which were provided with this information; and,
    c. Explanation, purpose/goal regarding why this data was shared.

10. Identify, separately for each numbered item in the instant request for information, the full name and job title of all persons who assisted or were consulted in the preparation of a response to the item.

    As used herein, the terms "document" or "documents" mean any printed, typed, written, or otherwise recorded matter of whatever character, including, but not limited to, drafts, letters, copies, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, summaries, minutes, agreements, publications, contracts, telexes, facsimile transmissions, applications, court papers, corporate or business records or forms, telephone logs, calendars, interoffice communications, e-mail, electronically stored or produced data, statements, announcements, photographs, tape recordings, motion pictures and any carbon or photographic copies of such material if you do not have custody or control of the original.

    As used herein, the terms "Respondent" or "your organization" shall mean the charged employer, Nike, Inc. and any of its parents, subsidiaries, affiliates, successors, predecessors, agents or assigns.

**Document Retention Notice Pursuant to Charge of Discrimination**

YOU ARE HEREBY GIVEN NOTICE NOT TO DESTROY, CONCEAL OR ALTER ANY PAPER DOCUMENTS OR ELECTRONIC DATA INCLUDING DATA GENERATED BY OR STORED ON ANY COMPUTER OR COMPUTER STORAGE MEDIA (E.G., HARD DISKS, FLOPPY DISKS, BACKUP TAPES), THAT RELATE TO THE CLAIMS AND DEFENSES IN THE ACCOMPANYING CHARGE OF DISCRIMINATION.  FAILURE TO COMPLY WITH THIS NOTICE, EITHER THROUGH INTENTIONAL ACTS OR NEGLIGENCE, CAN RESULT IN SANCTIONS FOR SPOLIATION OF EVIDENCE.  SANCTIONS COULD INCLUDE MONETARY PENALTIES AND OTHER COURT-IMPOSED ACTION.

A. **Paper Documents to be Preserved**:  Hard-copy information which should be preserved includes, but is not limited to:
    - Personnel files;
    - Employee data;
    - Payroll information;
    - Personnel policies, procedures, and regulations;
    - Letters, memoranda and notes;
    - All complaints of discrimination or unfair treatment;
    - All documents related to internal investigations; and
    - All other documents containing information relevant to the subject matter of the charge of discrimination.

Note that even where hard-copy documents exist, the Commission may still seek the same information in an electronic format simultaneously.

B. **Electronic Data to be Preserved**: Electronic information which should be preserved includes but is not limited to:
   1. Electronic mail (e-mail) and information about e-mail (including message contents, header information and logs of e-mail system usage) sent or received which is relevant to the subject matter of the charge of discrimination;
   2. Databases (including all records and fields and structural information in such databases), containing any reference to or information about the human resources or personnel information of your employees;
   3. Word processing files, including prior drafts, "deleted" files and file fragments, containing information about or relevant to the subject matter of the charge of discrimination;
   4. Electronic data files and file fragments created or used by electronic spreadsheet programs, where such data files contain information relevant to the subject matter of the charge of discrimination; and
   5. All other electronic data containing information relevant to the subject matter of the charge of discrimination.

C. **Additional Procedures**: The following procedures should be observed or undertaken to further maintain potentially relevant electronic data:

   1. **Online Data Storage on Mainframes and Minicomputers:** With regard 5to online storage or direct access storage devices attached to your mainframe computers or minicomputers: you should not modify or delete any electronic data files, "deleted" files, or file fragments existing at the time of the filing of this charge, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible.

   2. **Offline Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media:** With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that, at the time of the filing of the charge, contained any electronic data meeting the criteria listed in paragraph 1 above. You should stop any activity that may result in the loss of such electronic data, including rotation, destruction, overwriting or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with your computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup or archive data sets and other electronic data, for all of your computer systems.

   3. **Retention of Data Storage Devices:** You should not to dispose of any electronic data storage devices or media that may contain electronic data meeting the criteria listed in

paragraph 1 above.

4. **Fixed Drives on Stand-Alone Personal Computers and Network Workstations**: With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to stand-alone microcomputers or network workstations at the time of the filing of the charge. You should not alter or erase such electronic data, and should not perform other procedures (such as data compression and disk de-fragmentation or optimization routines) that may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies.

5. **Programs and Utilities:** You should preserve copies of all application programs and utilities, which may be used to process electronic data described herein.

**Evidence Created Subsequent to This Notice:** With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence is not be destroyed and you should take whatever steps are appropriate to avoid destruction of evidence.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Oakland Local Office**

1301 Clay Street, Suite 680-N
Oakland, CA  94612
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Oakland Direct Dial:  (510) 956-0004
FAX (510) 637-3235
Website:  www.eeoc.gov

June 6, 2025

VIA EEOC RESPONDENT PORTAL & E-MAIL (bkelley@littler.com)

Bradford J. Kelley
Littler Mendelson, P.C.
815 Connecticut Ave, NW, Suite 400
Washington, DC 20006

Re:   EEOC Charge No.  551-2024-04996, Lucas v. Nike, Inc.

Dear Mr. Kelley:

At this time, the Commission requires Respondent to provide the information requested below on or before **June 13, 2025.**

The relevant period for this request is January 1, 2018 to the Present unless otherwise stated:

1. Identify the person(s) by full name, job title, job duties, mailing address, telephone number, email address, date of hire, and current employment status who is or are most knowledgeable on all Respondent's programs which were implemented in an effort to increase the representation of racial and ethnic minorities in Respondent's U.S. workforce[1].  The identified person(s) should be able to provide:
   a. Detailed description of all aspects of the programs (including tools to track the success of the programs);
   b. Purpose/goal of the programs;
   c. Duration of the program, including start dates and end dates, if applicable;
   d. Application and selection process for each program, including selection and eligibility criteria for each program, and information about how application materials are stored and retained for each program; and,
   e. All Nike job titles and locations intended to benefit from the programs.

2. Identify the person(s) by full name, job title, job duties, mailing address, telephone number, email address, date of hire, and current employment status who is or are most knowledgeable regarding all interactions, communications, agreements, and/or audits with DOL OFCCP, including but not limited to the May 19, 2020 agreement and any Affirmative Action Plans that Nike developed from 2020 to present, whether developed

---

[1] The programs include but are not limited to McKinsey & Company's Management Program; McKinsey Academy for Sr. Directors, Vice Presidents and CNEXT platform for Emerging Leaders; Nike's DEI Mentorship Program for Corporate Employees, as well as Managers and above; Targeted Leadership Development for Native Americans and Indigenous Leaders; Diverse Slates Program; Marketing Vanguard Program (MVP); Human Resources Rotational Program modeled after the MVP; and, Nike's commitment to the OneTen Program.

under the Agreement with OFCCP or otherwise. The identified person(s) should be able to provide:
   a. Detailed information on all communications with OFCCP concerning the terms and conditions of all agreements entered between Respondent and OFCCP, including the May 19, 2020 agreement;
   b. Any Affirmative Action plans developed and implemented as a result of any agreements, communications, audits, or interactions with OFCCP; and,
   c. Any other information related to any communication with OFCCP relating to Respondent's workforce, including any purported underrepresentation of racial and ethnic minorities in Respondent's workforce.

3. Identify the person(s) by full name, job title, job duties, mailing address, telephone number, email address, date of hire, and current employment status who is or are most knowledgeable on all Respondent's alleged Affirmative Action Plans/Programs. The identified person(s) should be able to provide:
   a. Detailed information about all studies, assessments, evaluation and data used to determine whether imbalances existed for applicants and/or employees based on race, color, national origin, gender, disability and/or religion to adopt an alleged Affirmative Action Plan/Program, including but not limited to all data, findings, conclusions and recommendations that resulted in such studies and assessments, as well for any intended or unintended impacts of such Plan/Program.
   b. The duration of Respondent's alleged Affirmative Action Plan/Program, including start dates, end dates (if applicable), and projected end dates.
   c. All goals, targets and results obtained as a result of Respondent's alleged Affirmative Action Plan/Program.
   d. All plans and programs that Respondent alleges were Affirmative Action Plans/Programs, including but not limited to all programs identified in Topic 1.

4. Identify the person(s) by full name, job title, job duties, mailing address, telephone number, email address, date of hire, and current employment status who is or are most knowledgeable on the establishment of the two "2025 Targets" that were established around 2020. The two targets were set forth in Respondent's FY20 Impact Report as follows: (1) 30% representation of racial and ethnic minorities at the Director level above in Respondent's U.S. Workforce and (2) 35% representation of U.S. racial and ethnic minorities in Respondent's U.S. workforce. The identified person(s) should be able to provide detailed information regarding:

   a. How the goals were established;
   b. Plans developed to meet the goals;
   c. How and by whom progress towards meeting the goals was tracked;
   d. How and to whom progress towards meeting the goals was communicated and implemented; and
   e. How and by whom decisions were made to exceed or expand the initial goals.

5. Identify the person(s) by full name, job title, job duties, mailing address, telephone number, email address, date of hire, and current employment status who is or are most knowledgeable on the development and implementation of Respondent's diverse slate program. The identified person(s) should be able to provide detailed information regarding:

    a. When and how the program was established and implemented, including trainings and communications to employees and tracking of results, goals, and outcomes of the program;
    b. The specific structure of the program, including whether it was required for every position, whether a certain number of diverse candidates were required in any phase of the hiring process, and any other details regarding how the program was carried out;
    c. Any subsequent modifications to the program;
    d. Training provided to interview panelists and/or hiring officials related to the program;
    e. Information regarding the number of diverse candidates selected when a diverse slate process was utilized;
    f. Information regarding how the program's effectiveness was assessed; and,
    g. Information regarding communications related to the program.

6. Identify the person(s) by full name, job title, job duties, mailing address, telephone number, email address, date of hire, and current employment status who is or are most knowledgeable regarding Respondent's executive compensation policies and/or practices. The identified person(s) should be able to provide:

    a. Detailed information on how executive compensation is tied to Respondent's progress associated with increasing diversity and inclusion within Nike's workforce;
    b. Positions were/are covered by the executive compensation; and
    c. All factors and/or criteria considered in assessing and providing compensation pursuant to Respondent's executive compensation policies and/or practices, including but not limited to utilization of diversity, equity, and/or inclusion as a criteria in evaluating an employee's performance, compensation and eligibility of awards, and individuals responsible for making these assessments and decisions.

7. Identify the person(s) by name, job title, job duties, mailing address, telephone number, email address, date of hire, and current employment status who is and are most knowledgeable regarding racial and/or ethnic demographics and pay data shared with any individuals employed at Respondent. The identified person(s) should be able to provide:
    a. Detailed description of what demographics and pay data was shared and can identify what positions were provided with this information; and,
    b. Detailed description of purpose or goal regarding why data was shared.

8. Provide the individuals identified in response to question 1-7 for an interview. The interviews will be conducted over Microsoft Teams conference call. For any individuals listed above who Respondent cannot produce for an interview, please submit their date

and reason for separation, as well as their last known, mailing address, email address and phone number. Below are EEOC's availabilities to conduct the interviews:

**Tuesday, June 24, 2025**
**Wednesday, June 25, 2025**
**Thursday, June 26, 2025**

Please provide the requested information by June 13, 2025. Unless the requested information is received by June 13, 2025, the EEOC will be compelled to proceed under its statutory procedures and 1) issue a subpoena for the requested information or 2) apply the doctrine of adverse inference and issue a determination on the charge based upon the existing record. I am available by phone at (510) 956-0005 or email at ahlam.abdellatif@eeoc.gov if you have any questions.

        Respectfully,

        *AHLAM ABDELLATIF*

        Ahlam Abdellatif
        Lead Systemic Investigator
        San Francisco District Office